**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

NOV 21 2024

**FOR THE NINTH CIRCUIT**

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MALKIT SINGH,

      Petitioner,

  v.

MERRICK B. GARLAND, Attorney
General,

      Respondent.

No. 23-2504

Agency No.
A202-065-221

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 19, 2024[**]
Seattle, Washington

Before: McKEOWN, H.A. THOMAS, and DESAI, Circuit Judges.

Malkit Singh ("Singh"), a native and citizen of India, petitions for review of

a Board of Immigration Appeals ("BIA") decision dismissing his appeal from the

denial by an immigration judge ("IJ") of his applications for asylum, withholding of

---

      [*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

      [**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition.

When, as here, "the BIA reviewed the IJ's factual findings for clear error, and reviewed de novo all other issues, our review is 'limited to the BIA's decision, except to the extent the IJ's opinion is expressly adopted.'" *Singh v. Whitaker*, 914 F.3d 654, 658 (9th Cir. 2019) (quoting *Hosseini v. Gonzales*, 471 F.3d 953, 957 (9th Cir. 2006)). We review de novo whether a petitioner exhausted administrative remedies. *See Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023); *Great Basin Mine Watch v. Hankins*, 456 F.3d 955, 961 (9th Cir. 2006). We review the BIA's denial of asylum, withholding of removal, and CAT relief for substantial evidence. *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019).

1. Because Singh's brief before the BIA contained no argument for relief under the CAT, he failed to exhaust his CAT claim. *See Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009) (en banc) (per curiam) (holding that a petitioner "exhaust[s] only those issues he raised and argued in his brief before the BIA"). When, as here, the government raises a petitioner's failure to comply with the statutory exhaustion requirement, *see* 8 U.S.C. § 1252(d)(1), we will not review those unexhausted arguments. *See Santos-Zacaria v. Garland*, 598 U.S. 411, 416–23 (2023) (holding that § 1252(d)(1) is a non-jurisdictional, mandatory claim-processing rule subject to waiver and forfeiture); *Umana-Escobar*, 69 F.4th at 550.

2. A petitioner "who establishes past persecution is presumed to have a well-founded fear of future persecution." *Prasad v. INS*, 101 F.3d 614, 617 (9th Cir. 1996). The government may overcome this presumption by demonstrating by a preponderance of the evidence that the petitioner "can reasonably relocate internally to an area of safety." *Whitaker*, 914 F.3d at 659. "When the government rebuts an applicant's well-founded fear of future persecution, it defeats the applicant's asylum claim, and his . . . claim for withholding of removal." *Sowe v. Mukasey*, 538 F.3d 1281, 1288 (9th Cir. 2008) (emphasis omitted).

Here, even assuming Singh established past persecution on account of a protected ground, substantial evidence supports the BIA's conclusion that Singh can safely and reasonably relocate elsewhere in India. Singh testified that in October 2013, he left Khera Dona and lived in three different Indian cities over a span of fourteen months. During that time, Singh was not confronted or harmed by members of the Badal or Congress parties. Evidence of prior internal relocation without incident supports the BIA's conclusion that Singh can reasonably relocate in India. *See Gonzalez-Hernandez v. Ashcroft*, 336 F.3d 995, 999 (9th Cir. 2003).

Moreover, country conditions evidence indicates that, depending on the social and financial circumstances of an individual, it is feasible for Sikhs to relocate internally and that there are no legal restrictions on movement. This evidence supports the conclusion that a young man like Singh, who is unmarried, has no

children, and previously worked as a farmer, can reasonably relocate upon returning to India. *Cf. Knezevic v. Ashcroft*, 367 F.3d 1206, 1214 (9th Cir. 2004) (holding that relocation would be unreasonable where petitioners, who were 75 and 66 years old, would have "no property, no home, no family, and no means of earning a living"). And while the record demonstrates that high-profile Mann party militants are at risk of persecution even if they relocate, Singh testified that he was not a high-profile Mann party leader. *See Gonzalez-Hernandez*, 336 F.3d at 998–99. There is also no evidence that Singh was ever involved with or linked to militant activity.

**PETITION DENIED.**